24 C.C.P.A.(Patents)

## WHITE v. REPLOGLE.
### Patent Appeals No. 3744.

Court of Customs and Patent Appeals.

Feb. 8, 1937.

Harry S. Demaree and Charles H. Poole, both of Chicago, Ill. (Elmer Stewart, of Washington, D. C., and Robert M. Zacharias, of Chicago, Ill., of counsel), for appellant.

Munson H. Lane, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority to appellee in an interference proceeding involving a single count which reads:

"In a portable suction cleaner having a handle movable with reference to the body of the cleaner and an exhaust outlet for dust laden air; a dust filtering bag composed of porous material which is inexpensive but of insufficient strength to withstand the repeated bendings which would occur if the mouth of the bag were connected directly to the cleaner outlet, a flexible tubular member connecting the mouth of the bag with said outlet, and a rigid bag supporting member beneath and attached to the handle and pivotally connected to the cleaner adjacent said outlet."

The interference is between applications, and Replogle is the senior party, his application having been filed December 2, 1930, while that of White was filed July 31, 1931. The record is a voluminous one, various questions having arisen from time to time in the Patent Office, but as the case is presented to us we are called upon to consider only the right of Replogle to make the claim which constitutes the count. The claim is one which Replogle added by amendment after the interference had been declared, and after decisions by the Examiner of Interferences as to other proposed counts. Having been adopted by White for the purpose of interference, there was a redeclaration with it as the sole count.

Appellant's reasons of appeal suggest questions as to the patentability of the issue and priority in fact of invention, but in the brief before us it is said:

"* * * The real issue to be decided by this Court is whether the Board of Appeals erred in holding that the count in issue is readable upon the disclosure of the appellee Replogle and therefore patentable to him."

We shall confine our consideration to the question so stated, but it may be remarked that we find no error in the Board's decision upon the incidental questions raised before it.

It seems to be conceded that, as was said in substance in one of the decisions of the Examiner of Interferences, the purpose of both parties was to provide means whereby paper (although the count does not specify "paper") dust bags may be utilized in connection with suction cleaners. By making such practicable, it is said that instead of having to perform the unpleasant task of cleaning the dust bags each time after their being filled, the paper bag, without undue expense, may be removed and disposed of when filled and a new one substituted for subsequent use. To render such use practicable, it is further said, in effect, that a proper support for the bag must be provided in connection with the handle, so that the bag will not rupture by reason of the necessary movement of the handle in relation to the body of the cleaner.

It will be observed that the count, among other things, provides for a flexible tubular

member connecting the outlet of the cleaner with the mouth of the bag, and for a *"rigid bag supporting member beneath and attached to the handle* and pivotally connected to the cleaner adjacent said outlet." The limitation which we have italicized constitutes the element which counsel for White insist Replogle does not disclose.

The means provided by appellant for meeting this feature consists of a rigid rod which, at its lower end, is pivotally connected to the cleaner just above the outlet thereof, and, at its upper end, is connected with the handle by a coiled tension spring. The rod is placed beneath the handle, and the bag is carried by and beneath the rod, being connected to the rod's upper and somewhat downwardly curved end by appropriate means, and at its lower end, or mouth, connected with the cleaner outlet by a flexible tubular member.

The structure disclosed by Replogle which is claimed to meet the emphasized limitation comprises what is described in Replogle's specification as a U-shaped metal framework carried by the handle within which framework the bag may be secured by means of clips. The specification describes the handle as being hollow and says that it is intended that it shall swing with reference to the motor housing, fan casing, and floor engaging portions of the apparatus, to accomplish which the handle and the frame are connected by means of forks to a pivot, the axis of which extends through the flexible connection, the pivot being carried by fixed bracket members "mounted on any suitable fixed portion of the apparatus, as for example, the fan casing."

On behalf of White it was urged before the Board, in effect, and it is here pointed out, that Replogle's construction does not show a handle pivotally connected to the body of the cleaner and a rigid bag supporting member also connected to the cleaner at a different point, but the Board, after stating that in Replogle's patent the frame member, which supports the bag, is fastened to the handle and pivoted to the cleaner through the pivot point of the handle, says:

"Upon review of the present count, we fail to find a definite limitation that the handle is pivoted to the body of the cleaner at a point separate from the pivoted connection of the rigid bag supporting member."

That this statement is correct is quite apparent, and, as we understand it, appellant's counsel virtually concede as much before us. So, in the final analysis, the only question seems to be whether Replogle's framework element may properly be held to meet the requirement for "a rigid bag supporting member beneath and attached to the handle." We are unable to discern any sound reason why it should not be so held. It supports the bag; it is rigid, and it is carried by and beneath the handle, being attached thereto, and that meets the limitation.

Careful attention has been given to the argument on behalf of appellant to the effect that structural alterations in Replogle's device would be required to meet the count and to what is said with respect to first eliminating Replogle's handle and then bringing it back into the combination, but we are not convinced that there is any reason for applying any rule of construction to the count other than the familiar one which requires that in an interference proceeding counts shall be given the broadest interpretation which their language will reasonably support.

The decision of the Board of Appeals is affirmed.

Affirmed.